FILED ___ / ✓ LODGED
RECEIVED ___ COPY

DEC 0 1 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

X FILED ___ LODGED
RECEIVED ___ COPY

APR 1 9 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1  DENNIS K. BURKE
   United States Attorney
2  District of Arizona

3  RACHEL C. HERNANDEZ
   Assistant U.S. Attorney
   Two Renaissance Square
   40 N. Central Avenue, Suite 1200
4  Phoenix, Arizona 85004-4408
   Arizona State Bar No. 016543
5  Telephone (602) 514-7500
   rachel.hernandez@usdoj.gov

6

7                    UNITED STATES DISTRICT COURT

8                          DISTRICT OF ARIZONA

9   United States of America,

10                       Plaintiff,              CR-08-1328-PHX-JAT

11        v.                                     **PLEA AGREEMENT**

12  Nancy Miller,

13                       Defendant.

14

15        Plaintiff, United States of America, and defendant, Nancy Miller, hereby agree to the

16  following disposition of this matter:

17

18                                   **PLEA**

19        Defendant will plead guilty to Count 1 of the Information charging defendant with a

20  violation of Title 18, United States Code, Section 1001, False Statement to a Federal Agency,

    a class D felony offense.

21
                                     **TERMS**
22
          Defendant understands that the Court is required to consider the United States Sentencing
23
    Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining
24
    defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only
25
    advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise
26
    its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes
27
    of conviction.
28

1. **MAXIMUM PENALTIES**

   a.    A violation of Title 18, United States Code, Section 1001, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 5 years, or both and a term of supervised release of up to three years.

   b.    According to the Sentencing Reform Act of 1984, the court shall:

      (1)    Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

      (2)    Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3572, the Court finds upon consideration of the factors therein and in Section 3553 that a fine is not appropriate;

      (3)    Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

   c.    Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **AGREEMENTS REGARDING SENTENCING**

   a.    Recommendation by the Government  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend a sentence of probation.

   b.    Defendant understands that the court is neither a party to nor bound by this agreement and specifically that the United States' recommendation is not binding on the court, and the court may impose any sentence provided for by law. Defendant further understands that

1    if the court imposes a sentence different from what the United States recommends the defendant

2    will not be permitted to withdraw the guilty plea.

3         c.    Waiver by Defendant.  Defendant agrees to waive, pursuant to *United States v.*

4    *Akmakjian*, 647 F.2d 12 (9th Cir. 1981) and *United States v. DeTar*, 832 F.2d 1110 (9th Cir.

5    1987), any and all defenses with regard to the statute of limitations in the filing of the

6    Information.

7         d.    Stipulation with Respect to Fine.  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the

8    parties stipulate and agree that a fine shall be imposed in an amount not in excess of $25,000,

9    with the specific amount to be determined by the Court.

10        e.    The United States retains the unrestricted right to make any and all statements it

11   deems appropriate to the Probation Office and to make factual and legal responses to any

12   statements made by the defendant or defense counsel or objections to the presentence report or

13   to questions by the court at the time of sentencing.

14        f.    Acceptance of Responsibility  Assuming the defendant makes full and complete

15   disclosure to the Probation Department of the circumstances surrounding the defendant's

16   commission of the offense and, if the defendant demonstrates an acceptance of responsibility for

17   this offense up to and including the time of sentencing, the United States will stipulate to a two-

18   point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of

19   the Guidelines.

20        g.    If the court, after reviewing this plea agreement, concludes that any provision is

21   inappropriate, it may reject the plea agreement, giving defendant, in accordance with

22   Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

23   **3.    AGREEMENT TO MAKE RESTITUTION**

24        Pursuant to 18 U.S.C. §§ 3663 and 3663A, defendant specifically agrees to make

25   restitution to Riverside Environmental Services, Inc. ("Riverside") in the amount of $765.00.

26   **4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

27        Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss the Indictment

28   at sentencing.

## 5.   WAIVER OF DEFENSES AND APPEAL RIGHTS

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

## 6.   PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

## 7.   REINSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, defendant waives any objections, motions, or defenses based upon the statute of limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**8.    DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

The defendant will cooperate fully with the United States Probation Office.  Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

a.    All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b.    All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c.    All history of drug abuse which would warrant a treatment condition as part of sentencing.

d.    All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**9.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

b.    Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting

1   my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed

2   innocent until proven guilty beyond a reasonable doubt.

3       I agree to enter my guilty plea as indicated above on the terms and conditions set forth

4   in this agreement.

5       I have been advised by my attorney of the nature of the charges to which I am entering

6   my guilty plea.  I have further been advised by my attorney of the nature and range of the

7   possible sentence and that my ultimate sentence will be determined after consideration of the

8   advisory Sentencing Guidelines.  I understand that any Guideline Range referred to herein or

9   discussed with my attorney is not binding on the court and is merely an estimate.

10      My guilty plea is not the result of force, threats, assurances or promises other than the

11  promises contained in this agreement. I agree to the provisions of this agreement as a voluntary

12  act on my part and I agree to be bound according to its provisions.

13      I fully understand that, if I am granted probation or placed on supervised release by the

14  court, the terms and conditions of such probation/supervised release are subject to modification

15  at any time.  I further understand that, if I violate any of the conditions of my

16  probation/supervised release, my probation/supervised release may be revoked and upon such

17  revocation, notwithstanding any other provision of this agreement, I may be required to serve

18  a term of imprisonment or my sentence may otherwise be altered.

19      I agree that this written plea agreement contains all the terms and conditions of my plea

20  and that promises made by anyone (including my attorney), and specifically any predictions as

21  to the guideline range applicable, that are not contained within this written plea agreement are

22  without force and effect and are null and void.

23      I am satisfied that my defense attorney has represented me in a competent manner.

24      I am fully capable of understanding the terms and conditions of this plea agreement.  I

25  am not now on or under the influence of any drug, medication, liquor, or other intoxicant or

26  depressant, which would impair my ability to fully understand the terms and conditions of this

27  plea agreement.

28

1

## ELEMENTS OF OFFENSE AND FACTUAL BASIS

2       The defendant understands that if the case were to proceed to trial, the government would

3 be required to prove each of the following elements beyond a reasonable doubt before the

4 defendant could be found guilty of the subject offense:

5 Elements of False Statement to a Federal Agency

6       (1) Defendant made a false statement or representation to a federal agency or its designee

7       (2) The statement was "material", that is, it had the capacity to influence the actions of

8       the agency or its designee;

9       (3) The statement concerned matters within the agency's jurisdiction; *; that the statement*

[handwritten: (4) The defendant acted willfully, that is deliberately & with knowledge was untrue]

10       Additionally, the government must prove by a preponderance of the evidence that

11 defendant's conduct occurred in the District of Arizona.

12       The defendant further admits that if this matter were to proceed to trial the United States

13 could prove the following facts beyond a reasonable doubt:

14       Prior to November 18, 2004, I operated Sunstate Environmental Laboratory ("Sunstate")

15 in Yuma, Arizona. Until November 18, 2004, I was licensed by the State of Arizona to take and

16 analyze water samples, including samples of waste water, drinking water and irrigation water.

17 I was retained by customers to test water for the presence of coliforms and other potentially

18 harmful bacteria. One such customer was Riverside, a company that contracted with local

19 farmers to test irrigation water. On or around November 17, 2003, I received thirteen samples

20 from Riverside. I reported back to Riverside that the irrigation water was free of coliforms,

21 including E. coli bacteria. Unbeknownst to me at the time, Riverside split its samples three

22 ways, and I now understand that two other laboratories did report the presence of total coliforms

23 and E. coli in the same irrigation water.

24       I admit that my record keeping was sloppy and that I did not perform the laboratory

25 analyses correctly. I continued to charge customers, and to bill them by mail. Meanwhile, the

26 Arizona Department of Health Services ("ADHS") began to investigate my work in April of

27 2004, and ADHS demanded copies of the chain of custody logs I used to record laboratory

28 analyses. I provided logs, including a January 29, 2004 chain of custody log from water samples

7

of a Yuma-area business. Because the chain of custody log was missing the time and date of the analysis, as well as the lot number of the testing media (a form of powder) used in the analysis, ADHS asked me to provide the records showing the raw data. I did not have accurate records supporting my laboratory analyses, and so in response I fabricated the time of the test and the lot number of the testing media and wrote the fabricated information on the chain of custody form, and sent it in by mail to ADHS in Phoenix from Yuma on or around September 17, 2004. I did this in the hopes of maintaining my license and attempting to defraud ADHS and my customers into believing that I reported analyses correctly.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

Dec 1 2009
Date

Nancy Miller
NANCY MILLER
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I

8

agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.


12-1-2009
_____
Date

_____
MIKE KIMERER
Attorney for Defendant


## UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.


DENNIS K. BURKE
United States Attorney
District of Arizona

12-1-09
_____
Date

_____
RACHEL C. HERNANDEZ
Assistant U.S. Attorney


## COURT'S ACCEPTANCE

19 APR 10
_____
Date

_____
HON. JAMES A. TEILBORG
United States District Judge

9